UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELINDA NEFF, JONATHON ZAMORA, and SIERRA RAMOS,<br><br>Plaintiffs,<br><br>v.<br><br>FUJI STEAK HOUSE, INC., an Idaho Corporation, and its owner and manager YU "KAREN" DENG,<br><br>Defendants. | Case No. 4:20-cv-00434-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendants Fuji Steakhouse, Inc. and Yu "Karen" Deng's Motion to Dismiss. For the reasons explained below, the Court will dismiss Plaintiff Jonathan Zamora's statutory wage claim. The Court will also dismiss Plaintiff Neff's Title VII claim against individual defendant Deng. The Court will deny the motion in all other respects.

## BACKGROUND

Plaintiffs Melinda Neff, Jonathan Zamora, and Sierra Ramos are former employees of Defendant Fuji Steakhouse. They allege that Fuji's owner, Defendant Yu "Karen" Deng, "subjected all three plaintiffs and particularly Plaintiff Melinda

Neff to a hostile work environment based on sex, race, and age consisting of unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature . . . ." *Compl.*, Dkt. 1, ¶ 19. Plaintiffs also allege that Fuji failed to pay overtime compensation or minimum wage during some weeks. *Id.* ¶ 2.

Plaintiff Neff alleges a claim under Title VII for sex, gender, and racial discrimination, hostile work environment, sexual harassment, and retaliation. All plaintiffs allege: (1) failure to pay overtime wages in violation of the Fair Labor Standards Act; (2) failure to pay wages under Idaho's Wage Claim Act; (3) breach of contract; (4) unjust enrichment; (5) promissory estoppel; and (6) breach of the covenant of good faith and fair dealing.

## LEGAL STANDARD

To survive a motion to dismiss, plaintiffs' claims "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This principle rests on two pillars of interpretation. First, the requirement that courts must accept as true all of the allegations contained in a complaint does not extend to "threadbare recitals of the elements of a cause of action, [that are] supported by mere conclusory statements." *Id.* Second, a complaint must state a *plausible* claim for relief to survive a motion

to dismiss; the "sheer *possibility* that a defendant has acted unlawfully" is insufficient. *Id.* (emphasis added).

## ANALYSIS

A.  **The Title VII Claim**

Defendants argue that Plaintiff Neff's Title VII claim is time barred because she sued 147 days after the EEOC issued a Notice of Right to Sue.

Title VII provides that if the EEOC dismisses a discrimination charge, it must notify the claimant and inform her that she has 90 days to bring a civil action. *See* 42 U.S.C. § 2000e-5(f)(1). If a litigant does not file suit within 90 days of the date the EEOC dismisses a claim, then the action is time-barred. *Id. See Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992).

Neff alleges that she filed her complaint within 90 days of receiving the EEOC notice. *Compl.*, Dkt. 1, ¶ 10. But the notice referenced in the complaint is dated April 17, 2020, *see* Dkt. 4-3, and Neff did not file her complaint until 147 days later, on September 11, 2020. Neff says that, if given the chance, she would file an affidavit "affirming that Plaintiffs filed the Complaint in a timely manner." *Response,* Dkt. 7, at 4. Additionally, Neff's attorney says he would file a declaration that the EEOC never sent a right-to-sue letter to him, even though he filed the discrimination charge on Neff's behalf.

Preliminarily, the Court may properly consider the EEOC notice – even though it wasn't attached to the complaint – without converting the motion to a summary-judgment motion. *See, e.g. Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Plaintiff referred to this notice in her complaint; it is material to her claim; and neither party disputes the authenticity of the notice.

The fact that the Court will consider the notice alongside the allegations in the complaint is potentially problematic for Neff because an EEOC Notice gives rise to two rebuttable presumptions – (1) that the notice was mailed on the date of issuance; and (2) that Neff received the notice within three days of mailing. *See Payan v. Aramark Management Servs. Ltd. Partnership*, 495 F.3d 1119, 1125-26 (9th Cir. 2007). These are rebuttable presumptions, however, so Neff has the opportunity to come forward with contrary evidence to rebut them. *Id.* It is not enough to generally state that there was a delay in receiving the notice. *Id.* As the Ninth Circuit explained in *Payan v. Aramark Management Services Ltd. Partnership*, 495 F.3d 1119, 1126 (9th Cir. 2007), "We have all experienced mail delays on occasion; but a general claim of occasional delay is not sufficient to prove that a particular letter was not delivered on time. Rather, to rebut a mailing presumption, the plaintiff must show that she did not receive the EEOC's right-to-sue letter in the ordinary course."

In light of this presumption, defendants fault Neff for failing to come

forward with evidence in response to their motion to dismiss. *See Reply,* Dkt. 9, at 2-3. Some courts have been willing to dismiss similar complaints on a Rule 12 motion.[1] But we are still at the pleading stage, so this Court concludes that defendants' argument jumps the gun. Neff has not pleaded herself out of court; to the contrary, she has alleged that she filed her complaint withing 90 days of receiving the notice. *See Compl.* ¶ 10. Presenting evidence to back up this allegation is an obligation under Rule 56, not Rule 12. For purposes of this Rule 12(b)(6) motion, the Court must accept Neff's allegation as true. *Accord Rembisz v. Lew,* 590 Fed. Appx. 501, 504 (6th Cir. 2014) (unpublished decision); *Mingo v. The Fed Community*, No. 20-10705, 2020 WL 5258481 (E.D. Mich. Sept. 3, 2020).

Or course, if Neff is unable to come forward with evidence at the summary-judgment stage, then her Title VII claim will not be long for this world. But reaching that conclusion on a motion to dismiss would be premature. The Court will therefore deny the motion to dismiss Neff's Title VII claim.

---

[1] *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379-80 (5th Cir. 2002) (affirming district court's dismissal of Title VII complaint because the plaintiff "failed to allege the specific date for which he actually received the right-to-sue letter and the date the letter was received is unknown, . . . ."); *Dyson v. Henrico Cnty. Sch. Bd.*, No. 3:20cv-547, 2020 WL 7398836, at *5-6 (E.D. Va. Dec. 16, 2020) (dismissing a Title VII claim, explaining that because the plaintiff failed to allege the date she received the EEOC notice, the Court applied the three-day presumption, which meant that the Title VII action was time barred); *Smith v. Huerta*, No. 2:12-cv-02640-JTF-dvk, 2013 WL 3242492, at *5 (W.D. Tenn. June 25, 2013) (adopting report and recommendation; dismissing complaint, observing that it was apparent from the face of the complaint that plaintiff filed after the presumptive date of receipt).

### B. Neff's Title VII Claim Against Defendant Yu "Karen" Deng

The Court will grant Defendants' motion to dismiss Neff's Title VII claim against individual defendant Deng. Although Neff says she did not intend to allege a Title VII claims against Ms. Deng, the complaint is not so clear. Various allegations refer to "Defendants" – plural – when discussing the Title VII claim. *See, e.g., Comp.,* Dkt. 1, ¶ 56 (alleging that Neff was "constructively discharged *by Defendants* in violation of Title VII") (emphasis added). To clarify matters, the Court will grant the motion to dismiss the Title VII claims as to Deng.

### C. The Claims Under the Fair Labor Standards Act (FLSA)

Defendants next argue that plaintiffs' FLSA claims fail to meet the pleading standards established in *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2015). In *Landers* – a case of first impression for the Ninth Circuit – the court laid out the requirements for plaintiffs to state an FLSA wage claim in light of *Twombly* and *Iqbal*.

*Landers* held that "to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* at 645. Plaintiffs are not expected to allege "with mathematical precision" the amount of overtime compensation owed, but the more facts alleged regarding the number of hours worked, the length of an average workweek, and an

estimated amount of overtime owed, "the closer the complaint moves toward plausibility." *Id.* at 645-46. At the very least, plaintiffs "must be able to specify at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id*. at 645 (*quoting DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)).

Plaintiffs' allegations satisfy this standard. They allege that they were employed at Fuji Steakhouse at varying times during 2017 through 2019. Zamora worked as a server and bartender from March 2017 to March 2019; Ramos worked as a server from March 2018 to September 2019; and Neff worked as a server from March 2019 to October 2019. *See Compl.,* Dkt. 1, ¶¶ 18, 61. All plaintiffs allege they were not paid overtime, and Neff and Ramos allege they were not paid a minimum wage. *See id.* ¶¶ 69-70. More specifically, plaintiffs allege that:

> 65. During the course of all three Plaintiffs' employment with Fuji, Fuji and Karen regularly and consistently required Plaintiffs, as a condition of continued employment, to work in excess of forty hours per week. Based upon available records, Plaintiffs estimate that each Plaintiff worked, on average, five hours per week in excess of forty hours.
>
> 66. During the course of Plaintiff Neff's and Plaintiff Ramos's employment with Fuji, Fuji and Karen regularly and consistently required Plaintiffs to work in excess of 40 hours resulting in Fuji paying them less than $7.25 per hour for each hour worked.
>
> 69. Notwithstanding the fact that defendants required plaintiffs to regularly and consistently work in excess of forty hours

> per week, defendants failed to pay to plaintiffs overtime compensation as required by 29 U.S.C. §207(a)(1), Fair Labor Standards Act of 1938.

*Id.* ¶¶ 65, 66, 69.

Defendants argue that these allegations fail to provide "sufficient detail about the length and frequency of [plaintiffs'] unpaid work to support a reasonable inference that [they] worked more than forty hours in a given week." *Mtn. Mem.*, Dkt. 4-1, at 8 (citing *Landers*, 771 F.3d at 646).

But Court does not interpret *Landers* to mean that plaintiffs must isolate a specific calendar week within the many weeks they allegedly were required to work overtime without compensation, and then provide even more factual detail about that week. *Landers* explained that

> a plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility. Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility. However, like the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the sine qua non of plausibility for claims . . . . After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants.

771 F.3d at 645. Other courts have agreed that *Landers* does not require plaintiffs to plead particular instances of unpaid overtime. *See, e.g., Tan v. GrubHub*, 171 F. Supp. 3d 998, 1008 (N.D. Cal. 2016) ("*Landers* does not require the plaintiff to

identify an exact calendar week or particular instance of denied overtime . . . ."); *Varsam v. Laboratory Corp. of Am.*, 120 F. Supp. 3d 1173, (S.D. Cal. 2015) ("*Landers* does not require that a 'particular instance' be pled."). And in *Boon v. Canon Business Solutions, Inc*., 592 Fed. Appx. 631 (9th Cir. 2015), the Ninth Circuit rejected a district court's interpretation of *Landers* as requiring that a complaint "contain an estimate of how much uncompensated time was worked, how often, and at what rate, to survive a motion to dismiss." *Id.* at 632 (internal quotation marks and alteration omitted).

    Plaintiffs here have done enough. They approximated that, on average, they worked five hours of unpaid overtime each week during their employment with the restaurant. That level of detail, alongside the more specific factual allegations regarding the plaintiffs' length of employment, their duties, and their pay, is sufficient to nudge plaintiffs' claim across the line from conceivable to plausible. *Cf. Kries v. City of San Diego*, No. 17-cv-1464-GPC-BGS, 2018 WL 3455996, at *3-4 (S.D. Cal. July 18, 2018) (allegations that one plaintiff had worked more than 40 hours per week in 140 workweeks and the other had worked more than 40 hours per week in 75 workweeks, but were paid less than required because of the manner in which the overtime rate was calculated, were sufficiently detailed to state a claim); *Brum v. MarketSource, Inc.,* No. 2:17-cv-241-JAM-EFB, 2017 WL 2633414, at *2 (E.D. Cal. June 19, 2017) (allegations that plaintiff had to "perform

between 10 to 15 minutes of off-the-clock work during meal breaks, three to four times per week" and "worked shifts in excess of eight hours one to two times per week" were sufficient to state overtime and minimum wage claims).

Finally, the Court is not persuaded by defendants' citation to *Boyack v. Regis Corp.*, 812 Fed. App'x 428 (9th Cir. 2020). In *Boyack*, the plaintiffs "fail[ed] to allege a workweek in which [they] worked more than forty hours and were not paid overtime for those excess hours worked." *Id.* at 431. Instead, one of the *Boyack* plaintiffs alleged she was paid purely on commissions and tips and the other alleged she "received varying rates of pay over several workweeks." *Id.* Those allegations were not sufficient to plausibly support a minimum wage claim. *Id*. Plaintiffs' allegations in this case are distinguishable for the reasons already discussed. In a nutshell, plaintiffs here have alleged the time frames in which they worked and the number of hours of overtime they worked, on average, for each of those weeks without having been paid overtime compensation.

D.   **Plaintiff's Statutory Wage Claims**

Finally, defendants argue that Plaintiffs' claims under the Idaho Wage Claim Act should be dismissed or significantly narrowed. The Court will grant the motion as to Zamora but deny it as to Neff and Ramos.

An employer's failure to pay wages can simultaneously give rise to a breach-of-contract claim and a statutory wage claim. Plaintiffs assert both types of

claims. Count III – captioned as a claim for "(Breach of Employment Contract) Wage Claims" – cites provisions of Idaho's Wage Claim Act. *See Compl.* ¶¶ 80, 82. In a later, unnumbered count, plaintiffs assert a common-law, breach-of-contract claim. *Id.* at 14.

Defendants argue that Zamora's statutory wage claim is time-barred, Neff's is "very limited," and Ramos's is "nearly untenable." *Mtn. Mem.*, Dkt. 4-1, at 10. Defendants are correct across the board.

Idaho's Wage Claim Act provides the following limitations provision:

> Any person shall have the right to collect wages, penalties and liquidated damages provided by any law or pursuant to a contract of employment, but any action thereon shall be . . . commenced in a court of competent jurisdiction within two (2) years after the cause of action accrued, provided, however, **in the event salary or wages have been paid to any employee and such employee claims additional salary, wages, penalties or liquidated damages, because of work done or services performed during his employment for the pay period covered by said payment, any action therefor shall be commenced within twelve (12) months from the accrual of the cause of action**. . . . In the event that an action is not commenced as herein provided, any remedy on the cause of action shall be forever barred.

Idaho Code § 45-614 (emphasis added).

In plain English, this means that if an employee alleges her employer paid some – but not all – amounts owing for any given pay period, then the employee must sue within one year of the date the claim accrues. If, on the other hand, the

MEMORANDUM DECISION AND ORDER - 11

employer allegedly didn't pay any sums, then then the aggrieved employee has a two-year deadline to sue.

Here, each plaintiff alleged that he or she is owed additional sums. As such, they are subject to the one-year limitations period.

Zamora has pled himself out of court. He alleges that his last day of employment was March 15, 2019. The complaint was filed well over a year after that, in September 11, 2019, and Zamora has not pled any facts showing that the claim accrued later. Nor does he argue that he could cure the current pleading. The Court will therefore dismiss his claim without leave to amend.

Ramos and Neff have limited claims: Ramos's last day was September 15, 2019, and Neff's was October 6, 2019. The Court will deny the motion to dismiss as to these plaintiffs, however, as they are free to pursue their claims. That said, it appears that if they succeed on these claims, their recovery would be extremely limited. Still, though, their claims are not subject to a Rule 12 dismissal.

## ORDER

**IT IS ORDERED that** Defendants' Motion to Dismiss (Dkt. 4) is **GRANTED in part and DENIED in part** as follows:  Plaintiff Zamora's statutory wage claim under the Idaho Wage Claim Act is dismissed without leave to amend. Likewise, to the extent the complaint alleges a Title VII claim against

individual defendant Deng, that claim is dismissed without leave to amend. The motion to dismiss is denied in all other respects.

DATED: February 2, 2021

B. Lynn Winmill
U.S. District Court Judge